IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE LINTON,

    Plaintiff,

  v.                                                      No. CIV 11-1058 MV/ACT

OFFICERS MENDOZA AND POLUTNIK,
SGT BEARDEN,
CAPT. PEREZ,
ACTIVE SECRETARY OF CORRECTIONS,
CURRENT WARDEN OF WNMCF GRANTS,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's amended civil rights complaint (Doc. 4). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Also before the Court is Plaintiff's Motion to Prove Exhaustion (Doc. 10). The motion will be denied as moot pending consideration of Defendants' responsive pleadings, and, for the reasons below, certain of Plaintiff's claims will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In

reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff dropped a container of milk and Defendant Mendoza reacted by choking Plaintiff and threatening to crush him and beat him down. Mendoza's use of force injured Plaintiff's throat, and he is unable to talk loudly since the incident. Defendants Polutnik and Bearden "did nothing while [Plaintiff] was being assaulted." A sergeant told Defendant Mendoza that he was not required to make a report on the incident. Plaintiff talked to Defendant Perez about the incident, but he has received no administrative response concerning the alleged assault. He presents his claims in four Counts labeled "Assault," "Conspiracy," "Deliberate Indifference," and "Failure to Train." The complaint seeks damages and certain equitable relief.

Count II of the complaint is labeled "Conspiracy." Plaintiff makes two allegations in support of this claim. First, he alleges that "Officer Polutnik and Sgt. Bearden did nothing while I was being assaulted." This allegation does not support a conspiracy claim, which requires that Plaintiff "specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983); *and see Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (observing that "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim") (citation omitted)." Plaintiff's allegation against Defendants Polutnik and Bearden may, however, state a claim for failure to intervene. "[A] law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983." *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996).

Plaintiff's other conspiracy allegation is that, after the alleged assault, Defendant Bearden told Mendoza that he was not required to make a report on the incident. This allegation of Bearden's post-

incident conduct does not posit personal involvement in the assault, *see Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996), and thus fails to state a conspiracy against him under § 1983, *see Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995).  The Court will dismiss the conspiracy claim in Count II and construe the allegations therein against Defendants Polutnik and Bearden as presenting a claim of failure to intervene.

Plaintiff's allegations also fail to support his claim of failure to train in Count IV of the complaint.  This claim apparently attempts to impose liability on Defendant Mendoza's employer or supervisors for a single alleged act of assault by Mendoza.  Plaintiff makes no allegation in the complaint that Mendoza's employer or supervisors were " 'deliberately indifferent to the need' for additional training," *Crownover v. City of Lindsay*, No. 99-6346, 2000 WL 1234852, at *3  (10th Cir. Sept. 1, 2000) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)), or "to [the] known or obvious consequences," *Board of County Comm'rs v. Brown*, 520 U.S. 397, 407 (1997), of their alleged failure to train.  "Ordinarily, this deliberate indifference must be shown by 'continued adherence to an approach that [. . . policymakers] know or should know has failed to prevent tortious conduct by employees.' "  *Crownover*, 2000 WL 1234852, at *3 (quoting *Brown*, 520 U.S. at 407); *and see Connick v. Thompson*, 131 S. Ct. 1350, 1366 (2011) (rejecting supervisory liability based on single incident involving an employee).  Based on these rules regarding employer or supervisor liability, the Court will dismiss Plaintiff's claim for failure to train in Count IV of the complaint.

Plaintiff's remaining allegations of assault, deliberate indifference, and failure to intervene are directed only against Defendants Mendoza, Polutnik, and Bearden.  The allegation that Defendant Perez failed to respond to Plaintiff's inquiries after the incident does not state a claim under § 1983.  *Cf. Merryfield v. Jordan*, 431 F. App'x 743, 749-50 (10th Cir. 2011).  The complaint thus fails to make allegations against Defendants Perez, Active Secretary of Corrections, or Current Warden of WNMCF

3

Grants affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d at 1441. Plaintiff may not base his civil rights claims against state officials solely on a theory of respondeat superior liability for the actions of workers supervised by the officials. *See id.* Because Plaintiff makes no allegations against Defendants Perez, Active Secretary of Corrections, or Current Warden of WNMCF Grants, the Court will dismiss his claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's claims of conspiracy and failure to train are DISMISSED, and the allegations in Count II are construed as asserting a claim against Defendants Polutnik and Bearden for failure to intervene;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Perez, Active Secretary of Corrections, and Current Warden of WNMCF Grants are DISMISSED; and Defendants Perez, Active Secretary of Corrections, and Current Warden of WNMCF Grants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's Motion to Prove Exhaustion (Doc. 10) is DENIED as moot pending consideration of Defendants' responsive pleadings;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the amended complaint (Doc. 4), for Defendants Mendoza, Polutnik, and Bearden.

_____
UNITED STATES DISTRICT JUDGE