IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GEORGE LINTON,**

    **Plaintiff,**

v.                                                Civ. No. 11-01058 MV/ACT

**OFFICERS MENDOZA,**
**POLUTNIK, and**
**SGT BEARDEN,**

    **Defendants.**

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDAION[1]

**THIS MATTER** comes before the Undersigned on the Order of Reference by the Honorable Martha Vasquez [Doc. 6] filed on December 15, 2011, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. The Court has directed the Undersigned to submit an analysis, including findings of fact, if necessary, and recommend disposition. Accordingly, the Undersigned submits the following:

### Background

1. Plaintiff George Linton filed his initial complaint on November 30, 2011. At the time, Plaintiff was incarcerated at the Western New Mexico Correctional Facility ("WNMCF") in Grants, New Mexico. [Doc. 1.] At the direction of the Court, Plaintiff filed an Amended Complaint on December 8, 2011 [Doc. 4]. Plaintiff asserted a variety of claims against several individuals. *Id*. On March 19, 2012, Judge Martha Vasquez issued a Memorandum Opinion and Order dismissing all defendants except Mendoza, Polutnik, and Bearden. Judge Vasquez also

---

[1] **The parties will be given the opportunity to object to the Report and Recommendation as described in 28 U.S.C. § 636(b)(1). Objections must be filed within fourteen (14) days after being served with a copy of the Report and Recommendation. A party waives the right to challenge the Magistrate Judge's Report and Recommendation if the party does not file timely and specific objections.**

construed the allegations contained in Count II as asserting a claim against Defendants Polutnik and Bearden for Failure to Intervene.[2] [Doc. 11, p. 4.] In both the complaint and amended complaint, Plaintiff listed his address as P.O. Drawer 250, Grants, N.M. 87020 ("Grants address"). [Doc. 1 at 1 and Doc. 4 at 1.]

    2. On February 10, 2012, Plaintiff filed a Motion to Prove Exhaustion. [Doc. 10.] This was the last filing made by Plaintiff in this case.[3] On March 7, 2013, Plaintiff was released from custody of the New Mexico Corrections Department. [Doc. 29-1 at 1 and 3.] Upon his release, Plaintiff provided the following forwarding address to his case worker: 119 West Broadway, Farmington, NM 87401("Broadway address"). [Doc. 29-1 at 1.] Plaintiff did not notify the Court or Defendants he had been released from custody or of any change of address. [Doc. 29 at 2.]

    3. On March 18, 2013, this Court directed Defendants to submit a *Martinez* Report which they filed on May 30, 2012. [Doc. 19.] Both the Court and Defendants' counsel attempted to serve Plaintiff with documents at the Grants address but the mail was returned as undeliverable because Plaintiff was no longer at WNMCF. [Doc. 24 and 26-2.] Defendants attempted to serve Plaintiff with the *Martinez* Report at the Broadway address, without success. [Doc. 26-1.] Defendants also attempted to serve the *Martinez* Report and other notices on Plaintiff at 218 N. Allen, Apt. 11, Farmington, N.M. 87401, without success.[4] [Doc. 29 at 3.] Plaintiff has not engaged in any significant activities in this case since February 10, 2012.

---

[2] The complaint alleges that Plaintiff dropped a container of milk and Defendant Mendoza reacted by choking him and threatening to "crush [him]" and "beat [him] down." [Doc. 4, p. 2.] Plaintiff claims Mendoza's use of force injured his throat, and he is unable to talk loudly since the incident. Id. Plaintiff further claims that Defendants Polutnik and Bearden "did nothing while [Plaintiff] was being assaulted." *Id.*

[3] Plaintiff's Motion was denied as moot by the Honorable Judge Vasquez on March 19, 2012. [Doc. 11.]

[4] This address was apparently listed as Plaintiff's most recent address when he began his period of incarceration. [Doc. 29-1 at 1.]

4. Defendants Daniel Mendoza, Steven Polutnik, and John Bearden filed their Motion to Dismiss for Plaintiff's Lack of Prosecution and Failure to Maintain Updated Address [Doc. 29] on July 29, 2013. Plaintiff has not filed a Response.

5. This Court issued an Order to Show Cause on August 20, 2013, in which the Court ordered that within fourteen (14) days from entry of the order, Plaintiff must file a response showing cause why this action should not be dismissed with prejudice. [Doc. 30.] Plaintiff was additionally warned that if he should fail to file a response, the Court may dismiss his case without further notice. [Doc. 30 at 4.] Plaintiff failed to respond in any way to the Court's Order to Show Cause.[5]

**Discussion**

6. The Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984). Federal Rule of Civil Procedure 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Under Rule 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." *Seal v. Young*, 2:10-CV-790 TS, 2012 WL 177544 (D. Utah Jan. 20, 2012) (quoting Fed.R.Civ. P. 41(b)). Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)), "[t]his court has repeatedly insisted that pro se parties

---

[5] In the Order to Show Cause, the Court additionally directed the Clerk of the Court to mail the Order to Plaintiff's address of record and also to 119 West Broadway, Farmington, NM 87401, and 218 N. Allen, Apt. 11, Farmington, N.M. 87401. The Court performed a Google search for Plaintiff, George E. Linton, using his name and date of birth, but could not confirm any other addresses for Plaintiff. [Doc. 30 at 4.]

follow the same rules of procedure that govern other litigants." *Id.* (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)). Plaintiff has failed to follow the rules of procedure that govern this case as recited in the Order to Show Cause. [Doc. 30 at 3 – 4.] Additionally, Plaintiff has failed to comply with an order of this court by failing to respond to the Order to Show Cause.

7. A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. *Ehrenhause v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992); *Atlas Resources, Inc. v. Liberty Mut. Ins. Co.*, 2011 WL 10563364 (D.N.M. 2011) (unpublished). The *Ehrenhause* factors include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id*.

8. All of the *Ehrenhause* factors in this case weigh in favor of dismissal. The degree of actual prejudice to the Defendants is great. This case has been pending since November of 2011. [Doc. 1.] The last filing by Plaintiff was more than a year ago in February of 2012. [Doc. 10.] Since Plaintiff's last filing, Defendants have had to spend time and money to obtain counsel, answer the compliant, produce a *Martinez* report, prepare the instant Motion to Dismiss and otherwise defend this case. When a party is required to expend time and money in litigation only to be thwarted by the opposing party's failure to follow the Rules of Civil Procedure, they are actually prejudiced. *See, i.e., Atlas Resources*,*50; *E.E.O.C. v. Roswell Radio, Inc.*, 2007 WL 5685110, *13 (D.N.M. 2007) (unpublished).

9. The amount of interference with the judicial process is also great. As discussed in the Order to Show cause, Plaintiff has failed to keep the Court informed of his address and has, therefore severed contact with the Court. [Doc. 30 at 4.] This interferes with the judicial process

4

because there is no way for the Defendants or the Court to give Plaintiff notice of filings in this case, submit discovery, or proceed in any fashion.

10. The culpability of Plaintiff is clear. Plaintiff failed to update his address and failed to respond to the *Martinez* Report, the Defendants' Motion to Dismiss, and the Court's Order to Show Cause. There is no mistaking Plaintiff's culpability in thwarting the judicial process under these circumstances. The court warned Plaintiff in the Order to Show Cause that failure to respond may result in dismissal without further notice. Finally, lesser sanctions would not be effective in this case since Plaintiff has not participated in the prosecution of this case since February 2012, and there is no way to contact Plaintiff. Any sanction the Court could impose short of dismissal would not be effective.

## Recommendation

Since all of the *Ehrenhause* factors weigh in favor of dismissal, the Undersigned recommends that this Court dismiss Plaintiffs' Civil Rights Compliant Pursuant to 42 U.S.C. § 1983 with prejudice.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**